UNITED STATES DEPARTMENT OF JUSTICE
Ruth A. Harvey
Assistant Director
Alicia M. Hunt (D.C. Bar No. 484620)
Michael J. Quinn (D.C. Bar No. 401376)
Trial Attorneys
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-3548
Facsimile: (202) 514-9163
alicia.m.hunt@usdoj.gov
michael.quinn3@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TAYLOR RUSSELL, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. C 09-03239-WHA <br><br> **DECLARATION OF SANDRA J. BEDISON IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND PARTIAL DISMISSAL** |

I, Sandra J. Bedison, pursuant to 28 U.S.C. § 1746, do hereby declare the following:

1. I am employed by the Army Air Force and Exchange Services ("AAFES"), a joint command of the U.S. Army and the U.S. Air Force, and a non-appropriated fund instrumentality

within the Department of Defense. If called as a witness, I could and would testify competently as to the matters set forth herein, which are true of my own personal knowledge.

2. I serve as a Collection Manager at AAFES. I have been employed by AAFES for more than 25 years, and I have served in my current position for more than two years.

3. In the course of my duties at AAFES, I have become familiar with the AAFES credit agreements, including the terms and provisions governing customers' accounts. As part of my job responsibilities, in response to legal process or other requests pertaining to litigation, I may search and retrieve files maintained by AAFES in the normal course of business.

4. I have knowledge of certain AAFES business records, including records pertaining to (1) the AAFES credit account belonging to an individual named Taylor Russell, (2) the successive versions of the AAFES Credit Agreements that have, over the past 15 years, established and governed the contractual relationship between AAFES and each of its customers, and (3) AAFES' uniform clothing interest adjustments and refunds.

**Russell's Account**

5. According to AAFES' business records, Russell made his first purchase on his AAFES credit account on August 2, 1997, and made his last purchase on his AAFES credit account on March 26, 2000.

6. AAFES' business records show that Russell's account became delinquent in or around November 2000, and, at that time, his outstanding balance for general merchandise (or Deferred Payment Program ("DPP")) was $981.56, and for uniform clothing ("UC") was $377.13.

7. AAFES' business records show that Russell failed to pay the delinquent debt despite repeated demands, and in February 2004, AAFES referred the delinquent debt to the United States Department of Treasury for offset under the Treasury Offset Program ("TOP").

8. AAFES' business records show that AAFES satisfied Russell's delinquent debt through TOP offsets from 2006 through 2009. After the final TOP payment in 2009, AAFES waived certain remaining fees and penalties. As of approximately February 18, 2009, Russell had zero balance due to AAFES.

DECLARATION OF SANDRA BEDISON  2
CASE NO. C-09-03239

**AAFES Credit Agreement**

9. AAFES modified its Credit Agreement four times during the period Russell used his account: (1) an AAFES Credit Agreement was in effect from May 1, 1996 to August 31, 1998; (2) an AAFES Credit Agreement was in effect from September 1, 1998, to September 30, 1998; (3) an AAFES Credit Agreement that was in effect from October 1, 1998, to May 31, 1999 ("October 1998 Credit Agreement"), and (4) an AAFES Credit Agreement that was in effect from June 1, 1999 to June 30, 2000 ("June 1999 Credit Agreement").

10. Each version of the AAFES Credit Agreement between 1997 and 2000 provided that AAFES reserved the right to modify its Credit Agreement, and that use of the account for purchases after the date of the change would constitute acceptance of the terms specified in the change.

11. The October 1998 Credit Agreement, attached to the Complaint as Exhibit 1, governed Russell's account from October 1, 1998 through May 31, 1999. According to AAFES' business records, Russell made a purchase after June 1, 1999, the effective date of the June 1999 Credit Agreement. Accordingly, the June 1999 Credit Agreement, attached to the Answer as Exhibit 1, governed Russell's account after June 1, 1999.

**Uniform Clothing Interest Refund**

12. On or about September 15, 2009, AAFES adjusted Russell's account for uniform clothing interest, and issued a credit of $150.16.

13. On or about September 28, 2009, AAFES issued a refund check to Russell for $150.16 for interest assessed on uniform clothing debt. Since Russell is a party to litigation, AAFES sent Russell's refund check to AAFES' litigation counsel on or about that same date.

14. After it came to AAFES' attention that it charged interest on delinquent uniform clothing debt, AAFES engaged in an audit to address the issue. Russell's uniform clothing interest adjustment and refund was processed as part of AAFES' audit of interest assessed on delinquent uniform clothing debt. As of approximately September 16, 2009, AAFES has adjusted approximately 170,000 accounts, including Russell's, to issue a credit equal to the amount of any uniform clothing interest. As of approximately September 30, 2009, AAFES has

issued refunds for uniform clothing interest to approximately 59,000 customers, including Russell, who did not have an outstanding balance due to AAFES, and whose debt became delinquent on or after January 1, 2000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2009.

*Sandra J. Bedison*
Sandra J. Bedison

DECLARATION OF SANDRA BEDISON
CASE NO. C-09-03239

4