United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAYLOR RUSSELL, on behalf of himself
and all others similarly situated,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.
                                     /

No. C 09-3239 WHA

**ORDER DENYING MOTIONS TO INTERVENE, TO TRANSFER VENUE, AND TO CERTIFY CLASS**

**INTRODUCTION**

      After a successful class action against the United States involving military credit cards, the same counsel commenced the present proposed class action as a sequel against the United States. This action also involves military credit cards but concerning a different practice. The details of the two claims asserted in the instant action were set forth in a previous order filed on March 30, 2010 (Dkt. No. 61). In brief, AAFES credit cards targeted in both this action and in the previous action, *Briggs v. United States of America*, offered two types of repayment plans for credit card purchases: (1) the Uniform Clothing Deferred Payment Plan ("UCDPP"), which applied to purchases of military uniforms, and (2) the Deferred Payment Plan ("DPP"), which applied to purchases of other goods. Both claims asserted in the instant action involved allegedly excessive interest charges imposed by the AAFES on debt incurred under these two payment plans. By contrast, the claims in the related *Briggs* action involved AAFES credit card debt.

1    This order resolves a motion to intervene as class representative, a motion for class
2 certification, and a motion to transfer venue. For the reasons explained below, all three motions
3 are **DENIED**.

**STATEMENT**

5    The two interest-overcharge claims asserted in the instant action were originally asserted
6 in the related *Briggs* action. In *Briggs*, however, the credit-card interest claims were dismissed
7 as moot approximately four months into the litigation, after the AAFES voluntarily "removed
8 the disputed interest charges" prior to class certification (Dkt. No. 34 at 12–13 in CV 07-5760
9 WHA). Over a year later, class counsel in *Briggs* filed a motion to intervene in an attempt to
10 revive the mooted interest-related claims (Dkt. No. 92 in CV 07-5760 WHA). Since the *Briggs*
11 action had already been litigated to an advanced stage, the motion to intervene was denied (Dkt.
12 No. 104 in CV 07-5760 WHA). Final approval of the class action settlement in *Briggs* was
13 granted on April 30, 2010.

14    The instant case was borne from the failed motion to intervene in *Briggs.* Indeed, the
15 proposed intervenor in *Briggs* — Taylor Russell — was the named plaintiff and proposed class
16 representative in the instant action. In November 2009, however, approximately four months
17 after the instant action was filed, plaintiff Russell's claim pertaining to interest charged on his
18 UCDPP credit-card debt was dismissed as moot (Dkt. No. 29). The remaining claim pertaining
19 to DPP interest charges was also dismissed as moot in an order filed on March 30, 2010 (Dkt.
20 No. 61). For both these claims, the government had simply (and voluntarily) adjusted the credit
21 card accounts of plaintiff Russell and over 30,000 other putative class members prior to class
22 certification and had issued full refunds based upon the adjustments.

23    The March 30 order also denied, without prejudice, plaintiff's motion for class
24 certification and left the question of plaintiff's entitlement to attorney's fees for another day. It
25 left open "the possibility that another plaintiff, *whose account has not been adjusted*, to come
26 forward, to intervene, and assume the role of lead plaintiff so long as this is done before the
27 resolution of the lingering attorney's fees issue" (*id.* at 7). This window of opportunity was
28 provided due to counsel's view that the government's voluntary refunds had not been given to

2

the entire putative class. With respect to the attorney's fees issue, the April 23 order stated that "if counsel wishes to pursue this issue, a motion — noticed on the normal 35-day track — must be filed no later than May 6, 2010." *No such motion has been filed*.

Two days after the March 30 order, counsel filed a motion to intervene by class member Charles Davidson. On April 23, 2010, Davidson's motion to intervene was denied (Dkt. No. 82). While the March 30 order clearly stated that any proposed intervenor must be an individual "whose account has not been adjusted" by the AAFES, Davidson's account had been adjusted by the AAFES in September 2009 to the minimum 12% interest rate specified by his credit agreement. This adjustment was made in 2009 because Davidson was a member of the certified class in the earlier *Briggs* class action. Davidson also filed an untimely motion to opt out of the *Briggs* settlement, which was denied on the grounds that his declaration made it clear that it was counsel's affirmative acts of manipulation, not Davidson's inadvertence, mistake or carelessness, that caused him to file the untimely request to opt out.

On May 3, 2010, counsel filed the instant motion to intervene, this time on behalf of Foster Franks. On May 6, this was followed by another motion for class certification and a motion to transfer venue to the Southern District of Ohio. A hearing on these motions was held on June 16, 2010.

**ANALYSIS**

Defendants argue that intervention is improper in this instance because Franks cannot assert his claims in this venue. Generally, intervenors in certified class actions are not held to jurisdictional requirements, provided the district court initially had jurisdiction over the matter. *See* 7C Wright, Miller, Kane, Federal Practice and Procedure, § 1917 (3rd ed. 2010). Venue follows jurisdiction (7C Wright, Miller, Kane, *supra*, § 1918), and permissive intervention in a class suit does not normally force intervenors to independently satisfy the venue requirements.

But where no class has yet been certified and when the original plaintiffs upon whose claims jurisdiction and venue are based are dismissed from the case, plaintiffs must offer independent grounds for venue. *Benavidez v. Eu*, 34 F.3d 825, 830 (9th Cir. 1994). Here, the

dismissal of the original named plaintiff requires Franks as intervenor to provide some basis for venue, which he has failed to do.

In this case, Franks cannot assert his claims in the Northern District of California because venue would be improper. The special venue provision in 28 U.S.C. 1402(a)(1) for the Little Tucker Act, 28 U.S.C. 1346, requires that every named plaintiff reside in the district where a suit is brought, as previously held by the undersigned in *Briggs*, 2009 WL 113387 at *6 (N.D. Cal. 2009) (holding that "the named plaintiffs must satisfy the applicable venue requirements but that unnamed plaintiffs need not satisfy those requirements"). Because Franks seeks to intervene and become the sole remaining named plaintiff, he must independently satisfy this venue requirement. But Franks resides in the Southern District of Ohio.

Franks argues that he does not need to independently satisfy the applicable venue requirements because venue remains proper for plaintiff Russell as long as Russell's claim for attorney's fees remains viable. But as noted above, any motion on that attorney's fees claims was due by May 6, and none was filed. Russell's substantive claims in this action have all been dismissed. Therefore, Franks must independently satisfy the venue requirements. Because he cannot do this, the motion to intervene is **DENIED**. Because there is still no plaintiff in this action with justiciable claims, counsel's motions for transfer of venue and for class certification must also be **DENIED**.

## CONCLUSION

Plaintiff counsel's motions are **DENIED**. Counsel have had ample and fair opportunity to cure the gaps and deficiencies in his framing of this action. This case is now ready for any appeals. Judgment shall be entered in favor of defendant, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4