IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR RUSSELL, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant.<br>_____/ | No. C 09-03239 WHA<br><br>**ORDER CERTIFYING SETTLEMENT CLASS, SETTING FINAL FAIRNESS HEARING DATE, AUTHORIZING DISTRIBUTION OF NOTICE, AND VACATING TRIAL DATES** |

**INTRODUCTION**

The Court has reviewed the proposed class settlement and counsel's motion and exhibits and hereby directs notice be given to class members, so that a final fairness hearing can be held and a determination made as to whether to approve the proposed settlement and how much to award class counsel for fees and costs. A fairness hearing will be held at **3:00 P.M. ON JUNE 27, 2013**, in Courtroom 8, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

**STATEMENT**

In July 2009, plaintiff Taylor Russell sought to sue the United States on behalf of service members and veterans who used credit cards issued by the Army and Air Force Exchange Service. The action was to recover alleged retail purchase ("DPP") interest overcharges collected after July 16, 2003, by the Army and Air Force Exchange Service ("AAFES"). After the case was filed, a majority of the approximately 150,000 persons in the DPP interest overcharge class as defined in the complaint received a refund of the full amount of their interest overcharge.

About 63,000 veterans, however, did not receive or did not cash the refund AAFES calculated for them.

A June 2012 order certified a class of approximately 60,000 whose refunds had been calculated by AAFES in 2010. The certified class had refund checks calculated for them by AAFES of $1,971,074.02. The amount refunded to the certified class was at least 110% of the DPP interest overcharge due to the interest formula used by AAFES in calculating the refund.

In 2012 AAFES sent DPP refunds to a group of veterans whose interest overcharge had not been calculated in 2010. These 2012 refunds were calculated accurately. About 3,000 of these refund checks have not yet been cashed. The amount due from the government on account of these refund checks is $302,802.84.

Plaintiff has now filed an unopposed motion for preliminary review of the settlement agreement. Key provisions of the settlement agreement relevant to the proposed class are as follows:

*First*, the approximately 3,000 persons whose 2012 refund checks have not been cashed will be added to the class pursuant to the terms of the settlement.[1]

*Second*, the government will put $2.77 million into a bank account set up to benefit the settlement class. This amount includes $500,000 the government has agreed to pay into the settlement fund to settle related claims. All costs, fees, and expenses will be paid from this settlement fund, including any attorney's fees and settlement administration costs.

*Third*, after deducting attorney's fees and costs and administration costs, the settlement fund will be distributed to the individual class members using updated address information obtained from the postal service national change of address database, credit databases, tax information, and potentially, private investigators.

*Fourth*, class counsel will seek reimbursement of costs and expenses in the amount of approximately $42,000. Class counsel will also seek attorney's fees in an amount equal to 25% of the remaining settlement fund after deduction of any costs and expenses awarded by the Court,

---

[1] Sixteen of the Refund Checks on Exhibit 2 have cleared as of December 15, 2012, and the individuals associated with Exhibit 2 to the settlement agreement (Dkt. No. 189) IDs 1778, 1562, 1591, 1406, 2109, 2584, 1789, 2702, 1791, 1829, 1286, 2193, 1634, 1061, 318, and 2647 are *not* class members

2

1  100% of the $500,000 payment to settle related claims, and 100% of any residue from the funds
2  set aside for class administration. In no way is the Court granting preliminary approval of any of
3  these amounts.

*Fifth*, the release would apply to each class member who does not timely opt out, and will release the government from "all claims and causes of action . . . arising out of, relating to, or in connection with the DPP interest overcharge claim in the Lawsuit[,] . . . from all claims for payment on the original Refund Checks[,] . . . [and] from any liability relating to or arising from AAFES's refusal to honor Refund Checks presented by Class Members" as set forth in paragraphs 76–78 of the settlement agreement.

*Sixth*, Foster Franks, the plaintiff in a parallel case pending in the United States District Court in Ohio, will be added as a class representative in this case and that the Ohio action will be dismissed.

The government does not oppose plaintiffs' motion.

## ANALYSIS

### 1. CERTIFICATION OF SETTLEMENT CLASS.

Plaintiff seeks to certify for settlement purposes an expanded version of the class already certified under Rule 23(a) and (b)(3), which defendant does not oppose. In determining whether the proposed class satisfies the requirements of Rule 23, the proposed settlement may be considered as "a factor in the calculus." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The proposed class must satisfy the requirements under Rule 23(a) of numerosity, commmonality, typicality, and adequacy of representation. Next, plaintiffs must demonstrate that common questions of law or fact predominate, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Rule 23(b)(3).

The proposed settlement class is defined as:

> Persons (1) from whom AAFES has collected, after July 16, 2003 and through the present date, debt incurred pursuant to an AAFES Credit Agreement; (2) from whom the amount collected exceeded the principal amount of account purchases in all categories plus DPP finance charges permitted by the applicable AAFES Credit Agreement and allowable penalties and administrative fees and; (3) were not sent or have not cashed refund check(s) for the full amount of the interest overcharge(s). The Class does not include persons with claims that

exceed $10,000 unless such persons waive their claims above $10,000. This class also does not include any UC claims.

The settlement class is limited to:

    i.    The 60,196 individuals associated with the 60,421 Refund Checks identified in the Russell Certified Class list attached as Exhibit 1 to the Settlement Agreement, whose Refund Checks remained un-cashed or were cancelled as of December 15, 2012.

    ii.    The individuals associated with the 2,857 Refund Checks on Exhibit 2 to the Settlement Agreement, whose Refund Checks remained un-cashed or were cancelled as of December 15, 2012. The individuals associated with Exhibit 2 IDs 1778, 1562, 1591, 1406, 2109, 2584, 1789, 2702, 1791, 1829, 1286, 2193, 1634, 1061, 318, and 2647 are not class members

Common questions of law or fact predominate because all of the class members were subject to the common practice of being overcharged on the finance charge assessed against AAFES debts. Similarly, the claims of the named plaintiffs are typical of the claims of the class because the method the government used to impose finance charges on each class member was the same as that used for Mr. Russell and Mr. Franks.

Turning to the adequacy requirement, this prong is designed to protect the interests of absentee class members based on two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

As to the first question, the named plaintiffs alleged the same claims and sought the same relief for themselves as for the proposed class. While the settlement agreement provides for small incentive payments to the named plaintiffs to reasonably compensate them for time spent litigating this action on behalf of the class, it is subject to Court approval and the settlement agreement is not contingent on any such award.

Regarding the second question, a prior order (Dkt. No. 164) already approved Attorney S. Chandler Visher as class counsel. There have been no changes in the attendant circumstances and Mr. Visher is likewise approved as settlement class counsel.

4

As discussed above, common questions of law and fact predominate. Furthermore, prosecuting this case as a class action is a superior method, where the claims of each individual class member are the same, the potential value of each individual's claim is not substantially large, and there are approximately 63,000 class members. Determining membership in the class is not an issue because the specific individuals are already known.

This order notes that these findings are only in the context of class certification for purposes of settlement, which defendants do not oppose. For the reasons discussed above, this order finds that class certification for settlement purposes is appropriate.

**2.     RELEASE.**

The release applies only to the United States. This release is specifically and narrowly directed at the DPP interest overcharges at issue in this lawsuit.

**3.     FORM OF NOTICE.**

Notice must be mailed to class members by **MARCH 19, 2013.** The proposed notice form (Dkt. No. 202 Exh. B) should be revised as follows:

- The right side text box below "YOUR LEGAL RIGHTS AND OPTIONS" should make it clear that prior DPP interest refund checks will be replaced with settlement checks for a lesser amount. An acceptable revision would be along the lines of the following (new language in italics)

    > Stay in this lawsuit. Receive a settlement payment for the Interest Overcharge listed above, less attorney fees, costs and other expenses. If you do nothing, you will receive payment at the address to which this notice was sent if the court grants final approval. But you give up the right to bring a lawsuit on your own. *The settlement payment check will replace the prior interest refund check issued to you by the Exchange and will be for a lesser amount.*

- The text under "What If I Already Received a Refund Check for Interest from the Exchange?" should likewise make it clear that the settlement checks will be for a lesser amount than the prior DPP interest refund checks. An acceptable revision would be along the lines of the following (new language in italics):

    > You are in this Class because the Exchange previously attempted to mail a merchandise, or deferred payment plan ("DPP"), interest refund to you, but the check was not

5

cashed or was returned as undeliverable. If you have your DPP interest refund check from the Exchange, you may cash your refund check before [OPT OUT DATE] and you will automatically exclude yourself from this Class; you will then have no rights under this settlement. After [OPT OUT DATE], the Exchange will no longer honor previously-issued DPP interest refund checks presented by Class Members and your only payment will be through this settlement. *The settlement payment check will be for a lesser amount than your prior interest refund check.* You are not entitled to be paid twice.

- The notice should be corrected to state that the fairness hearing will be held in courtroom 8 instead of courtroom 9.

The parties have filed a supplemental proposal for additional notice to class members by publication. Specifically, class counsel will place a one column by six-inch classified ad in the *Military Times*, a collection of newsweeklies published by Gannett Government Media with a circulation of 245,000. Consistent with the modifications above, the text of the section of the classified ad labeled "What If I Already Received A DPP Interest Refund Check from the Exchange?" should also contain the following text: "The settlement payment check will replace the prior interest refund check issued to you by the Exchange and will be for a lesser amount."

**4.    DEADLINE TO OBJECT.**

Class members may object to any part of any settlement. All objections must be made in writing and mailed to the address stated in the notice. The objections must be postmarked on or before **11:59 P.M. ON MAY 19, 2013.** Class members who mail in written objections will also have an opportunity to speak at the fairness hearing and raise their objection. If the parties seek to file responses to any objections received, they must do so by **MAY 31, 2013.**

**5.    DEADLINE TO OPT OUT.**

Class members who wish to exclude themselves from the settlement must do so in writing by submitting a signed and dated opt-out request to the address set forth in the notice. The opt-out statement must be postmarked on or before **11:59 P.M. ON MAY 19, 2013.**

**6.    MOTION FOR ATTORNEY'S FEES AND MOTION FOR FINAL APPROVAL.**

Counsel must file their motion for attorney's fees and costs by **APRIL 19, 2013**. A copy of the motion and exhibits should be made available on the settlement website. The motion for

6

attorney's fees will be heard at **3:00 P.M. ON JUNE 27**, the same day as the final fairness hearing. The motion for final approval of the settlement must be filed by **JUNE 3, 2013**. The parties' joint motion to vacate the pretrial conference and trial dates in this action is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 5, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE