IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAYLOR RUSSELL, on behalf of
himself and all others similarly situated,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.
                                /

No. C 09-03239 WHA

**JUDGMENT**

For the reasons stated in the accompanying order, **FINAL JUDGMENT IS HEREBY ENTERED AND IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The terms of the Settlement Agreement are fair, reasonable, and adequate with respect to the Class, and the Settlement Agreement is finally approved.

2. All preliminary approvals and findings in the Preliminary Approval Order are hereby ordered final.

3. This Court has jurisdiction over this class action settlement, including jurisdiction over the parties and over all members of the Class.

4. The notice given to the Class set forth in the Settlement Agreement was the best notice practicable under the circumstances, and it satisfied the requirements of Rule 23 and due process.

5. All persons who filed timely requests for exclusion from the Class, as identified in Exhibit 3 to the Declaration of S. Chandler Visher in Support of the Motion for Final Approval of Settlement, or cashed Refund Checks before the deadline set in the Preliminary Approval Order, as identified in the Report re Checks Cashed by May 19, Dkt. 217, are excluded from the Class and shall not be bound by the Settlement Agreement or receive its benefits.

6. Class counsel is awarded attorney's fees, plus litigation expenses, in amounts of **$711,472.32** and **$75,001.43**, respectively. Plaintiff's counsel shall be awarded the $75,001.43 as well as fifty percent of the attorney's fees upon final approval of the settlement. The remaining fifty percent of the attorney's fees and up to $25,000.00 in additional expenses will be held in reserve. The reserved funds will first be used to pay up to $25,000.00 in administrative and other out-of-pocket expenses. Next, the reserved funds will be used to cover glitches in payments to the class members. The remaining funds may be recovered only after counsel certifies that the fund is completely wound up. If problems do arise and if management of this fund so necessitates, any shortfall in funds to pay administrative expenses may be deducted from the unpaid attorney's fees.

7. Taylor Russell and Foster Franks are awarded incentive awards in the amounts of **$200.00** and **$100.00**, respectively.

8. The United States is ordered to complete funding of the Class Fund by deposit using funds transfer into the settlement account established by the Class Administrator ("Settlement Class Account") in accordance with the terms of the Settlement Agreement. The United States shall have no obligation to provide funds for class administration or attorney's fees beyond the payment to the Class Fund provided for in the Settlement Agreement.

9. Settlement Checks payable to Class Members with Refund Checks of $3.00 or more, except those who have requested to be excluded or who have cashed a Refund Check before the deadline to opt out, shall be mailed as soon as

practicable after the Effective Date.  The Class Administrator is not required to mail Settlement Checks to Class Members with a known bad address based on the mailing of notice.  The Settlement Checks shall be equal to the portion of the Refund Check for the Class Member listed on Exhibits 1 and 2 to the Settlement Agreement, less the member's proportionate share of attorney's fees and payments to class representatives.

10. The Settlement Agreement provides that the settlement proceeds for Class Members with Refund Checks of less than $3.00 shall be donated to charity.  Fifty percent shall be donated to the Morale, Welfare and Recreation (MAR.) programs of the Army and Air Force, and fifty percent shall be donated to the National Military Family Association.  This *cy pres* provision is reasonable and is approved.  The Class Administrator shall make these payments in accordance with the Settlement Agreement.

11. The Settlement Agreement provides that the Class Administrator shall issue a letter to Class Members whose Settlement Checks remain un-cashed six months after they were issued.   This is an appropriate measure to locate unpaid Class Members.

12. The Settlement Agreement provides that once the Settlement Checks issued by the Class Administrator have expired, the Class Administrator shall transfer the Class Fund Residue to CAFES for a six-month supplemental distribution of the Settlement Checks, limited to instances where CAFES' most-recent mailing address for the Class Member is materially different from the one used by the Class Administrator.  The Agreement also provides that, during this six-month period, CAFES will honor requests for the re-issuance of Settlement Checks from Class Members who have not cashed their Settlement Checks, subject to the availability of funds in the Class Fund Residue.  This supplemental distribution of Settlement Checks is fair and reasonable.

13. The Settlement Agreement provides that, after the supplemental distribution of Settlement Checks concludes, CAFES may reimburse itself from the Class Fund Residue: (1) the amount of the Refund Check for any Class Member who cashed both a Refund Check and a Settlement Check, and (2) any costs, including personnel time, associated with CAFES' issuance and mailing of Settlement Checks, but only such costs related to the issuance of checks in excess of 7,500.  This provision is approved as appropriate.

14. The Settlement Agreement provides that the Class Fund Residue after CAFES' supplemental distribution and reimbursement will be donated and divided equally between the MAR. programs of the Army and Air Force.  The MAR. programs are designed to enhance the quality of life for military members, their family members, reservists and retirees. This *cy pres* provision is approved.

15. All Released Claims are hereby and finally extinguished, released, relinquished and discharged against Defendant.

16. Plaintiff and each and every Class Member (those who have not been excluded from the Class by filing a request for exclusion or cashing a Refund Check before the deadline to opt out) is hereby permanently barred and enjoined from asserting the Released Claims against the Defendant.

17. The Court shall retain continuing jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement Agreement.

The Clerk shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated:  August 2, 2013.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4